UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | **CRIMINAL NO. 6:17-84-1** |
| | § | **CIVIL NO. 6:22-34** |
| **PAUL ANDREW BENNETT,** | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant/Movant Paul Andrew Bennett's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 129), to which the Government has responded (D.E. 145) and Movant has replied (D.E. 146).

**I. BACKGROUND**

Movant was arrested by state authorities on October 17, 2017, for possession with intent to distribute methamphetamine. At the time of his arrest, he was on parole from a 12-year sentence for a 2013 Texas conviction for possession of methamphetamine, which expires in 2024. He was charged in this case on November 16, 2017, with conspiracy to possess with intent to distribute approximately 143.6 grams of methamphetamine (actual) and writted into federal custody on November 24, 2017. Primary jurisdiction did not change by virtue of the federal writ, which only served to borrow Movant for purposes of federal prosecution. *See Causey v. Civiletti*, 621 F.2d 691, 693–94 (5th Cir. 1980).

Movant eventually pled guilty and was sentenced on April 6, 2022, to 67 months' imprisonment and 3 years' supervised release. The Court ordered his sentence to "run concurrent with any sentence you receive out of the state court for any pending charges or revocations that might be pending because I'm sure if they're going to revoke you, it's because of what I just sentenced you

1

on." 4/6/2022 Sent. Tr., D.E. 143 at 10:8-12. The written Judgment, entered April 26, 2022, ordered: "The sentence is imposed to run concurrently with any state sentence imposed." D.E. 127, p. 2.

Movant did not appeal. He filed the current motion under 28 U.S.C. § 2255 on August 15, 2022. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant's § 2255 motion raises a single ground for relief:

> I was sentenced to 67 months to run concurrent with my state parole violation on 4-6-22. I was in Federal Custody from 11-24-17 to 4-25-22, then I went to state prison till 7-1-22 for parole. The BOP began my time calculation on 7-1-22. I have not received any credit for time served. The BOP credits me 301 days of good time. That would put my time down to 57 months. I'm already past 57 months.

D.E. 129, p. 4.

## III. LEGAL STANDARD

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## IV. ANALYSIS

Movant complains that the Bureau of Prisons (BOP) began his sentence the day he was returned to federal custody after he had served his sentence for the state parole revocation and did not

2

give him credit for the roughly 57 months he spent in federal custody between November 24, 2017, and July 1, 2022.[1]

The proper vehicle for raising a challenge to the BOP's calculation of sentencing credit is a petition pursuant to 28 U.S.C. § 2241, which must be filed in the district where the defendant is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241); *United States v. Gabor*, 905 F.2d 76, 77–78 n.2 (5th Cir. 1990). Movant states that he is not attacking the execution of his sentence and does not wish to file a motion under 18 U.S.C. § 2241. Even if he did, the Court does not have jurisdiction under § 2241 because Movant is incarcerated in Bastrop, Texas, in the Northern District of Texas. Moreover, the BOP properly commenced Movant's sentence the date that it was imposed, and it may not award prior custody credit because all of the time Movant spent in custody prior to his federal sentencing was credited to his state parole violator term. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence*.") (emphasis added).

Affording liberal interpretation under 28 U.S.C. § 2255, Movant arguably moves the Court to correct the Judgment to include credit for time spent in Texas custody pursuant to U.S.S.G. § 5G1.3(b), which provides:

> [Where] a term of imprisonment from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall be imposed as follows: (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by

---

1. BOP actually began to calculate Movant's federal sentence on April 25, 2022, the day it was imposed.

the Bureau of Prisons[.]

U.S.S.G. § 5G1.3(b).

As the Court previously recognized, "[M]any courts 'have repeatedly made clear that a reduction in sentence pursuant to U.S.S.G. § 5G1.3 or § 5K2.23 must be effected by shortening the defendant's sentence **at the time of sentencing**.'" *United States v. Middleton*, 2022 WL 15089909, at *2 (S.D. Tex. Oct. 26, 2022) (quoting *Middleton v. Ormond*, 2022 WL 1308808, at *3 (E.D. Ky. May 2, 2022) (emphasis in original) (citing *In re: United States Bureau of Prisons, Dep't of Just.*, 918 F.3d 431, 439 (5th Cir. 2019) (sentencing adjustments made pursuant to U.S.S.G. §§ 5G1.3(b) or 5K2.23 are made by the trial court at the time of sentencing by revising and recalculating the defendant's final sentence); *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (district court lacked authority to reduce sentence under § 5G1.3 more than 7 days after sentence was imposed); *United States v. Brooks*, 2019 WL 2085138, at *1 (M.D. Fla. May 13, 2019); *United States v. Sarber*, 2016 WL 492749, at *2 (D. Kan. Feb. 8, 2016); *Vizcarra-Hernandez v. Wilner*, 2008 WL 5054569, at *3 (D. Colo. Nov. 21, 2008) ("Congress intended that the sentencing court compute a fair sentence under the Sentencing Guidelines at the time of sentencing . . . . The time to present an argument for a departure in a sentence calculation under the Guidelines has elapsed."))). *See also United States v. Hampton*, 2023 WL 2872516, at *1 (S.D. Ga. Apr. 10, 2023) (citing *United States v. Beamon*, 2016 WL 4098593, at *1 (S.D. Ga. July 28, 2016) ("[U.S.S.G. § 5G1.3's] application is for the federal sentencing court at the time of sentencing."); *United States v. Pettiford*, 2011 WL 5910509, at *1–*2 (M.D. Ga. Nov. 28, 2011) (U.S.S.G. § 5G1.3 "does not provide any jurisdictional grounds . . . to challenge [a] sentence" and was "not intended to operate as an avenue for prisoners to seek relief after a sentence has been imposed.")). To the extent Movant moves the Court to correct his sentence under U.S.S.G. § 5G1.3, his motion is denied.

Finally, the Court notes that it was well aware that it could not order Movant's sentence in this case to run fully concurrent with his state parole violator sentence, and it was never the Court's intention to do so. *See Wilson v. Henderson*, 468 F.2d 582, 584 (5th Cir. 1972) ("A sentence cannot commence prior to the date it was pronounced even if it is to be concurrent to a sentence already being served.").

**V. CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As for claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d

5

325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 129) is **DENIED**, and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 7th day of August, 2023.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE